# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW G. TATE, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE,<br><br>      Defendants. | Case No. 1:21-cv-04323-VM<br><br>CLASS ACTION |
| JEFF COON, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE,<br><br>      Defendants. | Case No. 1:21-cv-05163-VM<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE THE RELATED ACTIONS, APPOINT ANTONIO VELARDO AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL**

011014-11/1572800 V1

Antonio Velardo ("Movant") respectfully submits this Memorandum of Law in support of his Motion for: (1) consolidation of the two above-captioned related actions; (2) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approval of his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The two above-captioned actions allege that Aterian, Inc. ("Aterian," "ATER," or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants made false and misleading statements and omitted material facts concerning Aterian's financial performance, products and business prospects.  Given that the two actions assert similar claims against common Defendants on behalf of overlapping classes of investors that purchased Aterian securities during the same class period, the cases should be consolidated. *See* Fed. R. Civ. P. 42(a).

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Movant, a business entrepreneur and private investor who resides in Malaga, Spain, respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and

should be appointed Lead Plaintiff. Movant believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in ATER securities during the alleged class period. *See* Certification and Loss Chart attached to the Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Movant purchased a total 11,500 ATER securities and suffered over $103,800 in losses during the alleged class period.

## II.    FACTUAL BACKGROUND

Headquartered in New York, New York, Aterian purports to be a "technology-enabled consumer products platform that builds, acquires and partners with e-commerce brands. The Company's proprietary software and highly agile supply chain helps creating for a growing base of data empowered e-commerce customers. Aterian predominantly operates through online retail channels such as Amazon and Walmart, Inc.

Through April 29, 2021, the Company was known as Mohawk Group Holdings, Inc., and its shares traded on the NASDAQ stock exchange under the ticker symbol "MWK." Effective April 30, 2021, the Company changed its name to Aterian, and its shares began trading under the ticker symbol "ATER" on the NASDAQ stock exchange.

On December 1, 2020, the Company announced that it had acquired the assets of "leading e-commerce business brands Mueller, Pursteam, Pohl and Schmitt, and Spiralizer" from 9830 Macarthur LLC, ZN Direct LLC, and Reliance Equities Group, LLC.

The Complaint alleges that throughout the Class Period, Defendants made materially false and misleading statements and omitted material facts regarding the Company's business. Specifically, Defendants misrepresented and concealed that: (i) the Company's organic growth is plummeting; (ii) the Company's recent, self-lauded acquisitions were overpayments for flawed

2

assets from questionable sources; (iii) Aterian's purported artificial intelligence software is a flawed product that lacks customer interest; (iv) Aterian uses rebate programs and paid or artificial reviews to pump up their product offerings; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

The truth about Aterian's business was revealed on May 4, 2021, when analyst Culper Research published a scathing report entitled: "Aterian (ATER): Bought from Felons & Fraudsters, Sold to You."  In the report, Culper wrote that "the Company has ties to convicted criminals and is promoting what we believe is an overhyped 'AI' narrative and a string of garbage acquisitions to mask the failure of its already ill-conceived core business." Culper continued that "Aterian has been largely unsuccessful in convincing other Amazon sellers to pay for its 'AIMEE' AI platform, and at least 5 former employees and a former customer have expressed doubts regarding AIMEE's legitimacy. We think that Aterian's underlying business has failed, forcing the Company to obscure its poor performance with a series of questionable acquisitions."

Culper further wrote: "[w]e believe that there are serious problems with Aterian's claims to maintain strong organic growth and to drive M&A synergies: to us, neither of these appears to be the case. . . . In our view, this suggests not only that Aterian is unable to growth EBITDA at acquired businesses, but that its core business is also failing to produce."

On this news, the price of Aterian stock fell from its May 3, 2021 close of $20.66 to a May 5, 2021 close of $15.72 per share, a two-day drop of $3.04 per share or approximately 24%, thereby injuring Movant and other classmembers.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not

3

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011).

Here, consolidation is appropriate because the actions "involve 'substantially identical questions of law and fact.'" *Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *1 (S.D.N.Y. Mar. 27, 2019) (quoting *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 394 (S.D.N.Y. 2014)). Both actions allege that Aterian, as well as some of its senior executives, made false statements and misrepresentations about its business, operations, and prospects throughout the Class Period.

**B.      Movant Should Be Appointed Lead Plaintiff**

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

**1.      Movant's Motion Is Timely.**

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on May 13, 2021, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. C. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

4

### 2. Movant Has The Largest Financial Interest In The Relief Sought By The Class.

To determine which movant has the largest financial interest, this Court typically considers the Lax/Olsten factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *See, e.g., In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 445 (S.D.N.Y. 2013).

During the Class Period, Movant expended $321,550 purchasing 11,500 ATER shares on NASDAQ during the Class Period at the artificially inflated prices and suffered total losses of $103,815. *See* Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3. Movant Satisfies The Requirements Of Rule 23.

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage in the litigation, a prima facie showing that the requirements of Rule 23 are met is sufficient. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y.2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23.") *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Further, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *Kaplan*, 240 F.R.D. at 94 (alteration in original); *see also Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a

5

class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied.")

Movant's claims are typical of the class. Like other Class members, he alleges that (1) he purchased Aterian stock during the Class Period; (2) he purchased shares in reliance on Aterian's misrepresentations; and (3) he suffered damages as a result. *In re KIT Digital, Inc. Sec. Litig.*, 293 at 446, citing and quoting *Reimer v. Ambac Fin. Grp.*, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008)*4 ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

Movant will also fairly and adequately represent the proposed class. As set forth in greater detail below, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Finally, Movant, a business entrepreneur and private investor who resides in Malaga, Spain, has the sophistication and interest to ensure this case is vigorously prosecuted. Moreover, Movant has submitted a signed Certification confirming his commitment to protecting the interests of the Class. *See* Gilmore Decl., Ex. A. Finally, the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Ex. A, B.

## C.     The Court Should Approve Movant's Selection of Counsel

Under the PSLRA, "the most adequate plaintiff shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

6

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. E at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, *see* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Antonio Velardo respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  July 12, 2021                    HAGENS BERMAN SOBOL SHAPIRO LLP

By     */s/ Nathaniel A. Tarnor*
          NATHANIEL A. TARNOR

322 8th Avenue, Suite 802
New York, NY  10001
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
Danielle Smith
Wesley A. Wong
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000

Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff*
*Antonio Velardo*

8

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

9