**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDREW G. TATE, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE, <br><br> Defendants. | Case No.: 1:21-cv-04323-VM <br><br> Hon. Victor Marrero |
| JEFF COON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE, <br><br> Defendants. | Case No.: 1:21-cv-05163-VM <br><br> Hon. Victor Marrero |

**MEMORANDUM OF LAW IN SUPPORT OF TAMARA RASOUMOFF'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ................................................................................................ 2

II.   PROCEDURAL HISTORY ............................................................................................... 3

III.  ARGUMENT ..................................................................................................................... 3

    A.    Consolidation of the Actions Is Appropriate ....................................................... 3

    B.    Appointing Movant as Lead Plaintiff Is Appropriate ......................................... 5

        1.    Movant Filed a Timely Motion. .................................................................. 6

        2.    Movant Has the Largest Financial Interest in the Relief Sought. .............. 6

        3.    Movant Satisfies the Relevant Requirements of Rule 23. .......................... 7

            a.    Movant's Claims Are Typical. ............................................................... 8

            b.    Movant Is An Adequate Representative. ............................................... 8

    C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................... 9

IV.   CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 6, 7

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001).................................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) .......................................................................................... 8

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ............................................................. 9

*Deinnocentis v. Dropbox, Inc.,*
2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020)..................................................... 10

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ..................................................... 4

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)........... 7, 8

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) .......................................................................................... 7

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)................................................................................................ 4

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................. 8

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ............. 4

*Nickerson v. American Electric Power Company, Inc., et al.,*
No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020) .................................................. 10

*Snyder v. Baozun Inc.,*
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020).................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 8

*Weltz v. Lee*,
   199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 4

*White Pine Invs. v. CVR Ref.*,
   2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............................................................ 10

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42(a) ........................................................................................................ 4, 5

Tamara Rasoumoff ("Movant") respectfully submits this memorandum of law in support of her motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint her as lead plaintiff, and approve her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired Aterian, Inc. (formerly known as Mohawk Group Holdings, Inc.) ("Aterian" or the "Company") securities from December 1, 2020 and May 3, 2021, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants Aterian, Yaniv Sarig ("Sarig"), and Fabrice Hamaide ("Hamaide") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that she is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses she suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience

in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[1]

Aterian purports to be a "technology-enabled consumer products platform that builds, acquires and partners with e-commerce brands, and predominantly operates through online retail channels such as Amazon and Walmart, Inc. ¶ 2. The Company's proprietary software and highly agile supply chain helps creating for a growing base of data empowered e-commerce customers. Aterian. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. ¶ 8. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company's organic growth is plummeting; (ii) the Company's recent, self-lauded acquisitions were overpayments for flawed assets from questionable sources; (iii) Aterian's purported artificial intelligence software is a flawed product that lacks customer interest; (iv) Aterian uses rebate programs and paid or artificial reviews to pump up their product offerings; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Analyst Culper Research published a scathing report on May 4, 2021 entitled: "Aterian (ATER): Bought from Felons & Fraudsters, Sold to You." ¶ 5. In this report, Culper wrote that "the Company has ties to convicted criminals and is promoting what we believe is an overhyped 'AI' narrative and a string of garbage acquisitions to mask the failure of its already ill-conceived

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Tate* Complaint") filed in the action styled *Tate v. Aterian, Inc, Inc., et. al.,* Case No. 1:21-cv-04323-VM (the "*Tate* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Tate* Complaint. The facts set forth in the *Tate* Complaint are incorporated herein by reference.

core business." *Id.* Culper continued that "Aterian has been largely unsuccessful in convincing other Amazon sellers to pay for its 'AIMEE' AI platform, and at least 5 former employees and a former customer have expressed doubts regarding AIMEE's legitimacy. We think that Aterian's underlying business has failed, forcing the Company to obscure its poor performance with a series of questionable acquisitions." *Id.*

In addition, Culper wrote: "[w]e believe that there are serious problems with Aterian's claims to maintain strong organic growth and to drive M&A synergies: to us, neither of these appears to be the case. . . . In our view, this suggests not only that Aterian is unable to growth EBITDA at acquired businesses, but that its core business is also failing to produce." ¶ 6.

In response to this news, the price of Aterian stock declined from its May 3, 2021 close of $20.66 to a close of $15.72 per share on May 5, 2021, a two-day drop of approximately 24%. ¶ 7.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Tate* Action against the Defendants. Plaintiff Andrew G. Tate ("Tate") commenced the first-filed action on May 13, 2021. On that same day, counsel acting on Tate's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Shannon L. Hopkins in Support of Movants' Motion ("Hopkins Decl.").

On June 10, 2021, a substantially similar action was filed against Aterian in this Court, entitled *Coon v. Aterian, Inc, Inc., et al.,* Case No. 1:21-cv-05163-VM (S.D.N.Y.) (the "*Coon* Action"). Movant has requested consolidation of the *Tate* and *Coon* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. §78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)). Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.   Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of her knowledge, the largest financial interest in this litigation—having lost $57,819.51 as a result of her transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B

to Hopkins Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Movant respectfully submits that she should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    **Movant Filed a Timely Motion.**

On May 13, 2021, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for *Tate* published the Press Release on *Globe Newswire* —a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Aterian securities that they had 60 days from the publication of the May 13, 2021 notice to file a motion to be appointed as lead plaintiff. *See* Hopkins Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed her motion within the 60-day period following publication of the May 13, 2021 Press Release and submitted herewith a sworn certification attaching her transactions in Aterian securities and attesting that she is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Hopkins Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    **Movant Has the Largest Financial Interest in the Relief Sought.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that she has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Aterian securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $57,819.51. *See* Hopkins Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that she has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, Movant need only make a preliminary showing that she satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a. Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Aterian's business, operations, and prospects violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Aterian securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated her adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that she has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Hopkins Decl., Ex. B. Movant is not aware that any conflict exists between her claims and those asserted on behalf of the Class.

Moreover, Movant considers herself to be a sophisticated investor, having been investing in the stock market for over 30 years. She resides in San Diego, California, possess a Bachelor's Degree in Nursing and is currently employed as a Registered Nurse. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.        Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on her behalf and has retained the firm as the Class' Lead Counsel in the event she is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Hopkins Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White*

9

*Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations"; *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant her Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving her selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: July 12, 2021                                    Respectfully Submitted,

                                                       **LEVI & KORSINSKY, LLP**

                                                       By: */s/ Shannon L. Hopkins*
                                                       Shannon L. Hopkins (SH-1887)
                                                       55 Broadway, 10th Floor
                                                       New York, NY 10006
                                                       Tel: (212) 363-7500
                                                       Fax: (212) 363-7171
                                                       Email: shopkins@zlk.com

                                                       *Lead Counsel for Tamara Rasoumoff and*
                                                       *[Proposed] Lead Counsel for the Class*

10