UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW G. TATE, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-04323-VM |
| Plaintiff,<br>v. | <u>CLASS ACTION</u> |
| ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE,<br><br>Defendants. | |
| JEFF COON, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:21-cv-05163-VM |
| Plaintiff,<br>v. | |
| ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE,<br>Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF HUNGEN LIN AS LEAD PLAINTIFF, <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................................ 2

III.  FACTUAL BACKGROUND........................................................................................... 2

IV.  ARGUMENT................................................................................................................... 4

     A.    The Related Actions should be consolidated. ................................................. 4

     B.    The Court should appoint Movant as Lead Plaintiff....................................... 5

          i.    Movant filed a timely motion and is willing to serve as Lead Plaintiff.................. 6

          ii.  Movant has the largest financial interest in the relief sought by the Class............. 6

          iii. Movant satisfies the Rule 23 requirements of typicality and adequacy.................. 7

              (a)  Movant's claims are typical of the claims of the Class. ................................ 8

              (b)  Movant is an adequate representative for the Class....................................... 8

     C.    Movant's choice of counsel should be approved. .................................................... 10

V.   CONCLUSION................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Atwood v. Intercept Pharm., Inc.,*
  299 F.R.D. 414 (S.D.N.Y. 2014) ...................................................................................... 10

*Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.,*
  252 F.R.D. 188 (S.D.N.Y. 2008) ....................................................................................... 8

*Casper v. Song Jinan,*
  No. 12-cv-4202 (NRB), 2012 WL 3865267 (S.D.N.Y. Sept. 6, 2012) ................................... 10

*Elstein v. Net1 UEPS Techs., Inc.,*
  No. 13-cv-9100 (ER), 2014 WL 3687277 (S.D.N.Y. July 23, 2014)........................................ 7

*Foley v. Transocean Ltd.,*
  272 F.R.D. 126 (S.D.N.Y. 2011) ....................................................................................... 9

*Goldstein v. Puda Coal, Inc.,*
  827 F. Supp. 2d 348 (S.D.N.Y. 2011) .................................................................................. 8

*Hom v. Vale, S.A.,*
  No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)............................... 7, 8, 9

*In re Gen. Elec. Sec. Litig.,*
  No. 09-cv- 1951-DC, 2009 WL 2259502 (S.D.N.Y. July 29, 2009)......................................... 5

*In re Qutoutiao Inc. Securities Litigation,*
  No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020).............................................................. 10

*Johnson v. Celotex Corp.,*
  899 F.2d 1281, 1284 (2d Cir. 1990) .................................................................................... 5

*Jonathan Tan v. NIO Inc.,*
  No. 19-cv-1424-NGG-VMS, 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) .............................. 5

*Malcolm v. Nat'l Gypsum Co.,*
  995 F.2d 346 (2d Cir. 1993)................................................................................................ 5

**Other Authorities**

15 U.S.C. § 78u-4(a)(3)(A)............................................................................................ 4, 5, 6

15 U.S.C. § 78u-4(a)(3)(B)...........................................................................................*passim*

Federal Rules of Civil Procedure 23(a) .................................................................................. 8

Federal Rules of Civil Procedure 42(a) ......................................................................... 1, 2, 4, 5

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Federal Rule of Civil Procedure ("Rule") 42(a), movant Hungen Lin ("Movant") respectfully submits this Memorandum of Law in support of his motion for an Order: (1) consolidating the above-captioned related securities class actions; (2) appointing Movant as Lead Plaintiff on behalf of a Class consisting of all persons and entities who purchased or otherwise acquired securities of Aterian, Inc. ("Aterian" or the "Company") between December 1, 2020 and May 3, 2021, inclusive (the "Class Period"); and (3) approving Movant's selection of Roche Freedman LLP ("Roche Freedman") as Lead Counsel for the Class.

## I.       PRELIMINARY STATEMENT

Currently pending before this Court are two securities class action lawsuits against Aterian alleging Aterian, Yaniv Sarig, and Fabrice Hamaide (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the United States Securities Exchange Commission ("SEC") (the "Related Actions").[1] Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Action before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).[2] As discussed below, consolidation is appropriate under Rule 42 because the Related Actions involve common legal and factual questions.

---

[1] The Related Actions are: (1) *Andrew G. Tate v. Aterian, Inc. et al.,* No. 1:21-cv-04323 ("*Tate*"), filed on May 13, 2021, on behalf of all investors who purchased or otherwise acquired Aterian securities between December 1, 2020 and May 3, 2021, inclusive; and (2) *Jeff Coon v. Aterian, Inc., et al.,* No. 1:21-cv-05163, ("*Coon*"), filed on June 10, 2021, on behalf of all investors who purchased or otherwise acquired Aterian securities between December 1, 2020 and May 3, 2021, inclusive. For the purposes of this motion, references to ¶ are to the Complaint for Violations of the Federal Securities Laws filed in *Tate*, ECF No. 1.

[2] Unless otherwise noted, all emphasis has been added and internal citations have been omitted.

After deciding consolidation, the Court must appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i)-(B)(iii). Guiding that determination, the PSLRA creates a presumption that the most adequate plaintiff is the person that "has the largest financial interest" and who "otherwise satisfies the requirements of Rule 23 . . ." *Id.*

Movant believes he has the largest financial interest in the outcome of this litigation because, during the Class Period, he (1) purchased 1,300 Aterian securities; (2) retained 1,100 net securities; (3) expended $36,045 net funds; and (4) lost approximately $14,687 due to the alleged fraud. *See* Declaration of Velvel (Devin) Freedman ("Freedman Decl."), Exes. A-B. Moreover, Movant satisfies the Rule 23 requirements because his claims are typical of the Class's claims, and he will fairly and adequately represent the Class's interests. *See id.* at Ex. C. In addition, Movant's selection of Roche Freedman to serve as lead counsel should be approved because the Firm possesses extensive experience and expertise in securities fraud and other class actions. *See id.* at Ex. D. Accordingly, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve Roche Freedman as Lead Counsel.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Related Actions should be consolidated pursuant to Rule 42(a);

2. Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3. Whether the Court should approve Movant's selection of Roche Freedman as Lead Counsel for the proposed Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III. FACTUAL BACKGROUND

Aterian purportedly is a "technology-enabled consumer products platform that builds,

acquires and partners with e-commerce brands" whose "proprietary software and highly agile supply chain helps creat[e] a growing base of data empowered e-commerce customers. Aterian predominantly operates through online retail channels such as Amazon and Walmart, Inc." ¶ 2.

Through April 29, 2021, the Company was known as Mohawk Group Holdings, Inc., and its shares traded on the NASDAQ stock exchange under the ticker symbol "MWK." ¶ 3. Effective April 30, 2021, the Company changed its name to Aterian, and its shares began trading under the ticker symbol "ATER" on the NASDAQ stock exchange. *Id*. The Company is headquartered in New York, New York. *Id*.

After markets closed on December 1, 2020, the Company announced that it had acquired the assets of "leading e-commerce business brands Mueller, Pursteam, Pohl and Schmitt, and Spiralizer" from 9830 Macarthur LLC, ZN Direct LLC, and Reliance Equities Group, LLC. ¶ 4. On this news, shares jumped from a close of $6.89 per share close on December 1, 2020 to close at $8.12 on December 2, 2020, representing a one-day surge of nearly 18%. *Id*. Shares continued to soar throughout the rest of the Class Period, closing at $17.21 per share on December 31, 2020, and eventually approaching nearly $49.00 per share in mid-February 2021. *Id*.

Then, on May 4, 2021, analyst Culper Research ("Culper") published a scathing report entitled "Aterian (ATER): Bought from Felons & Fraudsters, Sold to You." which declared that "the Company has ties to convicted criminals and is promoting what we believe is an overhyped 'AI' narrative and a string of garbage acquisitions to mask the failure of its already ill-conceived core business." ¶ 5. Culper further stated that "Aterian has been largely unsuccessful in convincing other Amazon sellers to pay for its 'AIMEE' AI platform, and at least 5 former employees and a former customer have expressed doubts regarding AIMEE's legitimacy. We think that Aterian's underlying business has failed, forcing the Company to obscure its poor performance with a series of questionable acquisitions." *Id*. Culper concluded that: "[w]e believe that there are serious problems

with Aterian's claims to maintain strong organic growth and to drive M&A synergies: to us, neither of these appears to be the case. . . . In our view, this suggests not only that Aterian is unable to growth EBITDA at acquired businesses, but that its core business is also failing to produce." ¶ 6.

On this news, the price of Aterian stock fell from its May 3, 2021 close of $20.66 to a May 5, 2021 close of $15.72 per share, a two-day drop of $3.04 per share or approximately 24%. ¶ 7.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Aterian's organic growth is plummeting; (ii) Aterian's recent, self-lauded acquisitions were overpayments for flawed assets from questionable sources; (iii) Aterian's purported artificial intelligence software is a flawed product that lacks customer interest; (iv) Aterian uses rebate programs and paid or artificial reviews to pump up their product offerings; and (v) as a result, Defendants' public statements were materially false and misleading at all relevant times. ¶ 8.

As a result of Defendants' wrongful acts and omissions and the precipitous decline in the market value of Aterian securities, the putative Class members have suffered significant losses and damages. ¶ 65.

## IV. ARGUMENT

### A. The Related Actions should be consolidated.

Consolidation of related cases is proper where, as here, the actions "involve a common question of law or fact," such that consolidation would avoid unnecessary cost, delay, and overlap in adjudication. Fed. R. Civ. P. 42(a). The PSLRA contemplates consolidation where "more than on action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Therefore, the PSLRA does not displace the traditional legal standards for consolidation under Rule 42(a).

Consolidation is appropriate when the action before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re Gen. Elec. Sec. Litig.,* No. 09-cv-1951-DC, 2009 WL 2259502, at *2 (S.D.N.Y. July 29, 2009); *see also Jonathan Tan v. NIO Inc.,* No. 19-cv-1424-NGG-VMS, 2020 WL 1031489, at *2 (E.D.N.Y. Mar. 3, 2020).

The Related Actions at issue here present nearly identical factual and legal issues, allege identical claims in an identical class period, and name identical defendants. *See generally Tate*, ECF. No. 1 and *Coon*, ECF. No. 1. Accordingly, the Related Actions should be consolidated.

**B. The Court should appoint Movant as Lead Plaintiff.**

Within the first 20 days of filing suit, the PSLRA requires the plaintiff in the first filed class action to publish a notice in a widely circulated national business publication or wire service that advises potential class members the action is pending and that they have a right to move for lead plaintiff in 60 days. 15 U.S.C. § 78u-4(a)(3)(A).

The Court must consider any motion seeking appointment as lead plaintiff within 90 days of that notice and must appoint the movant that the court determines to be "most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a Class member that the presumptive most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and possesses, to the best of his knowledge, the largest financial interest in the litigation of any other class member seeking appointment as lead plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against him. Thus, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class. Movant also satisfies the typicality and adequacy requirements of Rule 23, and, as a result, should be appointed lead plaintiff in the Action.

### i. Movant filed a timely motion and is willing to serve as Lead Plaintiff.

Within 20 days of the first-filed *Tate* complaint (*i.e.* on May 13, 2021), Plaintiff Andrew G. Tate published the required notice through *Globe Newswire*, a widely circulated national business-oriented wire service. 15 U.S.C. § 78u-4(a)(3)(A)(i). *See* Freedman Decl., Ex. E. Movant timely filed his motion within the next 60 days, *i.e.,* by July 12, 2021. 15 U.S.C. § 78u-4(a)(3)(A)(i). Movant has filed herewith a PSLRA certification and declaration attesting that he is willing to serve as Lead Plaintiff of the Class and remains willing to provide testimony at deposition and trial, if necessary. *See* Freedman Decl. Exes. A, C. Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff of the Class.

### ii. Movant has the largest financial interest in the relief sought by the Class.

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff…is the person or group of persons that…has the largest financial interest in the relief

6

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). As demonstrated herein, Movant has the largest financial interest in the relief sought by the Class and should therefore be presumed the most adequate plaintiff to serve as Lead Plaintiff. *See* Freedman Decl., Exes. A-B.

In assessing the largest financial interest, the Court generally considers: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at \*2 (S.D.N.Y. Mar. 7, 2016).[3]

During the Class Period, Movant: (1) purchased 1,300 Aterian securities; (2) retained 1,100 net securities; (3) expended $36,045 net funds; and (4) as a result of Defendants' materially false and misleading statements, suffered substantial losses of approximately $14,687. Movant, therefore, has a significant financial interest in the outcome of this litigation. To Movant's knowledge, moreover, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and that also satisfy Rule 23.

### iii.  Movant satisfies the Rule 23 requirements of typicality and adequacy.

In addition to demonstrating the largest loss, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Rule 23(a) requires the following four requirements be satisfied:

> (1) the class is so numerous that joinder of all members is

---

[3] "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Hom*, 2016 WL 880201, at \*3; *e.g. Elstein v. Net1 UEPS Techs., Inc.,* No. 13-cv-9100 (ER), 2014 WL 3687277, at \*6 (S.D.N.Y. July 23, 2014). Damages are calculated based on: (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the misstatement was disseminated; *or* (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 78u-4(e).

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In a PSLRA case, at this stage of the litigation, "the [movant] must only make a preliminary showing that the adequacy and typicality requirements have been met." *Hom*, 2016 WL 880201, at *6; *see also Blackmoss Invs., Inc. v. ACA Cap. Holdings, Inc.,* 252 F.R.D. 188, 191 (S.D.N.Y. 2008). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23.

### (a) Movant's claims are typical of the claims of the Class.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The typicality requirement is satisfied "where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Hom*, 2016 WL 880201, at *6; *see also Goldstein v. Puda Coal, Inc.,* 827 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

Movant's claims are typical of, if not identical to, the claims of other members of the putative Class. *See Hom*, 2016 WL 880201, at *6. Movant, like the other members of the Class, acquired Aterian securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby when the truth was revealed. Movant suffered losses similar to those of other Class members, and his losses resulted from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement.

### (b) Movant is an adequate representative for the Class.

Under Rule 23(a)(4), representative parties must "fairly and adequately protect the interests of the class." In order for a movant to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion

among the litigants; (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation; and (3) the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Hom*, 2016 WL 880201, at *6; *see also Foley v. Transocean Ltd.,* 272 F.R.D. 126, 131 (S.D.N.Y. 2011).

Movant has met the requirements under Rule 23(a)(4) to fairly and adequately protect the interest of the putative Class. *See* Freedman Decl., Exes. A-D. Specifically, Movant is 50 years old, residing in the state of California. He has a master's degree and is currently working as a freelance engineer. Movant has been investing for 14 years. In addition, as demonstrated *supra*, Movant has significant financial interest in the outcome of the litigation and has no reason to believe that his interests are adverse to those of the other Class members.

Further, Movant understands the responsibilities of a Lead Plaintiff, including his selection of lead counsel, and the overseeing and monitoring of this litigation. As such, Movant communicated with competent, experienced counsel concerning this case, and retained Roche Freedman, who, as shown below, is qualified to litigate lawsuits such as this case. Movant has also demonstrated his abilities by negotiating for a cap of less than the standard 33 1/3% in attorney's fees of any class action settlement in this action. Therefore, Movant is an adequate representative for the Class. *See Hom*, 2016 WL 880201, at *6.

Accordingly, at this stage of the proceedings, Movant has met all requirements for appointment as lead plaintiff. Movant has timely filed his motion, has sustained the largest loss from Defendants' alleged wrongdoing, and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23. Thus, Movant is entitled to a presumption that he is the most adequate plaintiff and, as such, should be appointed to lead the Consolidated Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II).

**C. Movant's choice of counsel should be approved.**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. "Although the Court maintains discretion in appointing lead counsel to protect the interests of the class, the statute evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Atwood v. Intercept Pharm., Inc.,* 299 F.R.D. 414, 417 (S.D.N.Y. 2014); *see also Casper v. Song Jinan*, No. 12-cv-4202 (NRB), 2012 WL 3865267, at *3 (S.D.N.Y. Sept. 6, 2012).

The record confirms that Movant's selection of counsel should be approved; Roche Freedman is qualified, experienced, and capable of effectively prosecuting this Action on behalf of Movant and the Class. *See* Freedman Decl., Ex. D; *see also* Opinion & Order, *In re Qutoutiao Inc. Securities Litigation,* No. 1:20-cv-06707 (SHS) (S.D.N.Y. Nov. 4, 2020), ECF No. 22 (when appointing RCF to serve as sole lead counsel in the securities class action, the Court found "its attorneys appear appropriately 'qualified, experienced, and generally able to conduct the litigation.'").

In addition to Roche Freedman's appointment as Lead Counsel in *In re Qutoutiao Inc. Securities Litigation,* No. 1:20-cv-06707 (S.D.N.Y.), it was also appointed, and is serving as Lead Counsel in the following securities fraud class actions: *D'Arcy v. Sequential Brands Group, Inc. et al.*, No. 2:21-cv-02305 (C.D. Cal.); *In re Qiwi Plc Securities Litigation*, No. 1:20-cv-06054 (E.D.N.Y.); *In re Renewable Energy Group Securities Litigation*, No. 1:21-cv-01832 (S.D.N.Y.); *Chapman v. Fennec Pharma Inc. et al.,* No. 1:20-cv-812 (M.D.N.C.); *Garcia v. J2 Global, Inc. et al.,* No. 2:20-cv-06096 (C.D. Cal.); and *In re Sona Nanotech, Inc. Securities Litigation*, No. 2:20-cv-11405 (C.D. Cal.). Roche Freedman has also been appointed, and is serving, as Co-Lead

Counsel in the following securities fraud class action cases: *Clifford et al. v. Tron Found. et al.,* No. 1:20-cv-02804 (S.D.N.Y.); *Clifford v. Bibox et al.,* No. 1:20-cv-02807 (S.D.N.Y.); *Lee et al. v. Binance et al.*, No. 1:20-cv-02803 (S.D.N.Y.); *Williams v. KuCoin et al.*, No. 1:20-cv-02806 (S.D.N.Y.); *Lowry v. RTI Surgical Holdings, Inc. et al.,* No. 1:20-cv-01939 (N.D. Ill.); and *Hartel v. Geo Group, Inc. et al.,* No. 9:20-cv-81063 (S.D. Fla.). Additionally, Roche Freedman has been appointed, and is serving, as Co-Lead Counsel in *Leibowitz v. iFinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.), an antitrust, market manipulation, and RICO class action.

Moreover, Roche Freedman's attorneys have decades of experience in complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Freedman Decl., Ex. D. The Firm's attorneys have previously been appointed as co-lead counsel in securities class actions and/or have clerked for federal judges sitting in the Southern District of New York, Northern District of California, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, District of Connecticut, Second Circuit, Fourth Circuit, Fifth Circuit, Ninth Circuit, and United State Supreme Court. *See id.* Movant respectfully submits that this wealth of experience and qualifications demonstrates Roche Freedman's ability to provide the highest caliber of representation to the Class.

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; (3) approve Movant's selection of Roche Freedman as Lead Counsel for the putative Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: July 12, 2021        Respectfully Submitted,

**ROCHE FREEDMAN LLP**

*/s/ Velvel (Devin) Freedman*        

Velvel (Devin) Freedman
Constantine P. Economides
Ivy T. Ngo (*pro hac vice* forthcoming)
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 971-5943
Emails: vel@rcfllp.com
        ceconomides@rcfllp.com
        ingo@rcfllp.com

*Counsel for Lead Plaintiff Movant Hungen Lin and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (*pro hac vice* forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Hungen Lin*

12

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 12, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman