# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW G. TATE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-04323-VM |
| Plaintiff, | |
| v. | |
| ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE, | |
| Defendants. | |
| JEFF COON, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-05163-VM |
| Plaintiff, | |
| v. | |
| ATERIAN, INC., YANIV SARIG, and FABRICE HAMAIDE, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF BORIS KERZHNER'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, <u>AND APPROVAL OF LEAD COUNSEL</u>**

Boris Kerzhner ("Kerzhner") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Kerzhner as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Kerzhner's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.   PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased Aterian, Inc. ("Aterian" or the "Company") f/k/a Mohawk Group Holdings, Inc. securities between December 1, 2020 and May 3, 2021, inclusive (the "Class Period").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" – the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that the Court shall appoint the most adequate plaintiff as lead plaintiff.

Kerzhner believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Kerzhner satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Kerzhner respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Kerzhner's selection of Glancy Prongay & Murray LLP as lead counsel for the Class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II. FACTUAL BACKGROUND[1]

Aterian is a consumer products platform that builds, acquires and partners with e-commerce brands.

On May 4, 2021, Culper Research published a research report alleging, among other things, that "the Company has ties to convicted criminals and is promoting what we believe is an overhyped 'AI' narrative and a string of garbage acquisitions to mask the failure of its already ill-conceived core business." It further stated that "there are serious problems with Aterian's claims to maintain strong organic growth and to drive M&A synergies: to us, neither of these appears to be the case. . . . In our view, this suggests not only that Aterian is unable to grow[] EBITDA at acquired businesses, but that its core business is also failing to produce."

On this news, the Company's stock price fell $3.04, or approximately 24%, over two consecutive trading sessions to close at $15.72 per share on May 5, 2021.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (i) that the Company's organic growth is plummeting; (ii) that the Company's recent, self-lauded acquisitions were overpayments for flawed assets from questionable sources; (iii) that Aterian's purported artificial intelligence software is a flawed product that lacks customer interest; (iv) that Aterian uses rebate programs and paid or artificial reviews to pump up their product offerings; and (v) that,

---

[1] This section is adapted from the complaints in the above-captioned actions.

as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## III.  PROCEDURAL BACKGROUND

On May 13, 2021, plaintiff Andrew Tate commenced a securities fraud class action lawsuit against Aterian and certain of its executive officers, captioned *Tate v. Aterian, Inc., et al.*, Case No. 1:21-cv-4323 (the "*Tate* Action"). It is brought on behalf of investors that purchased or otherwise acquired securities of Aterian during the Class Period.

On June 10, 2021, plaintiff Jeff Coon filed a substantially similar lawsuit, captioned *Coon v. Aterian, Inc., et al.*, Case No. 1:21-cv-05163 (the "*Coon* Action," and together with the *Tate* Action, the "Related Actions"). It is also brought on behalf of investors that purchased or otherwise acquired securities of Aterian during the Class Period.

## IV.  ARGUMENT

### A.  The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if

the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

**B.      Kerzhner Should be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Kerzhner satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Kerzhner has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of

Federal Rule of Civil Procedure 23. In addition, Kerzhner is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Kerzhner respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Kerzhner Filed a Timely Motion

Kerzhner has made a timely motion in response to a PSLRA early notice. On May 13, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, Kerzhner had sixty days (*i.e.*, until July 12, 2021) to file a motion to be appointed as lead plaintiff. As a purchaser of Aterian securities during the Class Period, Kerzhner is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Kerzhner attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Kerzhner satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Kerzhner Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Kerzhner believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Kerzhner purchased Aterian securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial

5

harm. *See* Linkh Decl., Ex. C. To the best of his knowledge, Kerzhner is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Kerzhner believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Kerzhner Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08–cv–7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Kerzhner's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at \*4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Kerzhner's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Kerzhner alleges that Defendants' material misstatements and omissions concerning Aterian's business, operations, and financial prospects violated the federal securities laws. Kerzhner, like all members of the Class, purchased Aterian securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Kerzhner's interests and claims are "typical" of the interests and claims of the Class.

### b)    Kerzhner Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Kerzhner has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Kerzhner is not aware of any conflict between his claims and those asserted on behalf of the Class. Kerzhner resides in Passaic County, New Jersey and has been a data scientist for 10 years. He has Bachelor's of Science degrees in Mathematics and Psychology and a Master's degree in BioInformatics. He has been managing his own investment portfolio for eight years. As such, Kerzhner is well-equipped to represent the class.

**C.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Kerzhner has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the Class will receive the highest caliber of legal representation.

**V.      CONCLUSION**

For the foregoing reasons, Boris Kerzhner respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Kerzhner as Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 12, 2021               **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Boris Kerzhner and Proposed Lead
Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On July 12, 2021, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 12, 2021, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh