UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
                                          x
ANDREW G. TATE, Individually and on       :   Civil Action No. 1:21-cv-04323-VM
Behalf of All Others Similarly Situated,  :
                                          :   CLASS ACTION
                                          :
                   Plaintiff,             :
                                          :
                                          :
        vs.                               :
                                          :
ATERIAN, INC., YANIV SARIG, and           :
FABRICE HAMAIDE,                          :
                                          :
                   Defendants.            :
                                          :
                                          x
JEFF COON, Individually and on Behalf of All :  Civil Action No. 1:21-cv-05163-VM
Others Similarly Situated,                :
                                          :   CLASS ACTION
                                          :
                   Plaintiff,             :
                                          :
                                          :
        vs.                               :
                                          :
ATERIAN, INC., YANIV SARIG, and           :
FABRICE HAMAIDE,                          :
                                          :
                   Defendants.            :
                                          x
```

ANDREW R. ZENOFF'S REPLY TO LEAD PLAINTIFF MOVANT ANTONIO VELARDO'S
OPPOSITION MEMORANDUM (ECF NO. 40)

4820-4156-1332.v1

Andrew R. Zenoff respectfully submits this reply to address Antonio Velardo's arguments.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to adopt a presumption that the applicant with the largest financial interest in the relief sought by the class that also satisfies the requirements of Federal Rule of Civil Procedure 23 is the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(iii).  On July 12, 2021, six motions were filed by putative class members seeking appointment as lead plaintiff.

| Movant | Claimed Losses |
|---|---|
| Joseph P. Nolff | $472,825 |
| Andrew R. Zenoff | $119,011 |
| Antonio Velardo | $103,815 |
| Tamara Rasoumoff | $57,819 |
| Boris Kerzhner | $25,773 |
| Hungen Lin | $14,687 |

*See* ECF Nos. 14, 17, 20, 24, 28, 31.

Recognizing that his financial interest is eclipsed by two movants, Mr. Velardo first takes aim at Mr. Nolff, arguing that Mr. Nolff cannot be appointed as lead plaintiff because he "has not provided any information about himself, his background, or his ability to lead this action, and has therefore failed to demonstrate his adequacy under Rule 23."  ECF No. 40 at 2-4.  Mr. Velardo's argument ignores the fact that it applies equally – if not even more – to Mr. Velardo himself.  In fact, Mr. Nolff actually provided *more* information about himself to the Court than Mr. Velardo has. *Compare* ECF No. 19 at 9 (Mr. Nolff's lead plaintiff application stating that: "Movant has over *20 years of investing experience* and is a *college graduate*.  Movant is a resident of *Florida* and has *worked in sales*.") *with* ECF No. 15 at 6 (Mr. Velardo's lead plaintiff application stating that:

- 1 -

4820-4156-1332.v1

"Movant, a ***business entrepreneur*** and private investor who resides in ***Malaga, Spain***, has the sophistication and interest to ensure this case is vigorously prosecuted.") (emphasis added). Mr. Velardo does not – and cannot – explain why the fact that he is a Malaga-based business entrepreneur and "private investor" (a descriptor that can be attached to most, if not all, stock purchasers) satisfies Rule 23 whereas Mr. Nolff's more concrete statements about being a Floridian college graduate with two decades of investment experience and having a background in sales does not.[1] As such, if the Court accepts Mr. Velardo's argument and finds that Mr. Nolff has not provided sufficient information about his background and his ability to lead this action, it should disqualify Mr. Velardo for the very same reason.

Even assuming *arguendo* that the Court finds that Mr. Nolff's Rule 23 showing is ***uniquely*** deficient, it is Mr. Zenoff – not Mr. Velardo – who would be entitled to presumptive lead plaintiff status by virtue of Mr. Zenoff having the next largest financial interest of the remaining lead plaintiff movants. S*ee* ECF No. 15 at 5 (Mr. Velardo representing in his opening motion that he "suffered total losses of $103,815"); ECF No. 25 at 4 (Mr. Zenoff likewise stating in his opening motion that he "suffered approximately $119,000 in losses."). Facing a clear (but undesired) outcome under the objective last-in, first-out ("LIFO") metric he initially urged the Court to use in his motion (and understanding full well that Mr. Zenoff's Rule 23 *bona fides* are unimpeachable), Mr. Velardo now jettisons the LIFO loss calculation method used by all six competing lead plaintiff movants and asks the Court to exclusively focus on a tortured application of the "*Dura* loss" methodology which, conveniently, results in Mr. Velardo's losses increasing just enough to allow him to claim a larger

---

[1] Mr. Velardo made no such argument regarding Mr. Zenoff's Rule 23 showing; nor could he. *See* ECF Nos. 25 at 5-6, 26-4 (Mr. Zenoff's lead plaintiff application and his accompanying Declaration providing detailed biographical information and particularized qualifications to lead this action, such as his experience overseeing counsel and serving as a lead plaintiff in other securities class actions).

- 2 -

4820-4156-1332.v1

financial interest than Mr. Zenoff.

As a preliminary matter, Mr. Velardo's argument should be summarily rejected as gamesmanship. *See Lucas v. United States Oil Fund, LP*, 2020 WL 5549719, at *4 (S.D.N.Y. Sept. 16, 2020) (the fact that movant adopted a novel loss calculation in an opposition brief "only after learning that [competing movant's] losses exceeded its own, is all the more reason to reject [it]").[2] More to the point, if Mr. Velardo sincerely believed that his revised loss calculation of $141,360 was credible, why did he originally provide a lower loss calculation to the Court using a method that he now claims "do[es] not count" and would supposedly result in the Court "'abdicat[ing] its responsibility under the PSLRA'"?  ECF No. 45 at 5-6 (citation omitted).  The answer is clear: Mr. Velardo "shift[ed] [his] argument only after [Mr. Zenoff] came forward with larger LIFO losses." *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013).  Accordingly, Mr. Velardo's attempt to switch loss metrics only after seeing the competing movants' losses should be rejected.

Moreover, Mr. Velardo's novel methodology – which aims to increase his claimed financial interest from $103,815 to $141,360 by ignoring nearly $40,000 in profits that Mr. Velardo realized on his sales of Aterian, Inc. stock at fraud-inflated prices during the Class Period – should be rejected as inconsistent with the Second Circuit pronouncement that ordinarily "a plaintiff may [not] recover for losses, but ignore his profits, where both result from a single wrong" in a suit for

---

[2]      *La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, 2020 WL 3396660, at *6 (S.D. Ohio June 19, 2020) (noting that courts disapprove of "vacillating advocacy . . . as it pertains to calculating losses for appointment as lead plaintiff," and applying "method of accounting which both parties adopted in their initial motions"); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) ("Only after the parties filed their opening briefs, and the parties were made aware of how their respective motions would fare . . ., did [one movant] argue that the more appropriate measure of greatest financial stake was the 'retained shares' methodology. . . . This fact alone counsels in favor of adopting the LIFO methodology, as opposed to the retained shares methodology.").

- 3 -

violation of securities laws. *Abrahamson v. Fleschner*, 568 F.2d 862, 878 (2d Cir. 1977). Ignoring intra-Class Period gains would also be inconsistent with one of the perceived benefits of the LIFO methodology to "offset[] gains that were attained through the sale of stock during the class period." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005). Consistent with this principle, it is unsurprising that Mr. Velardo's case law does not actually support removing **gains** from a financial interest calculation, but merely stands for the uncontroversial principle that some judges of this Court require movants to adjust their LIFO calculations to remove any **losses** arising from securities that were bought and sold before a defendant's corrective disclosure. *See, e.g.*, *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases). Mr. Velardo's illogical leap, suggesting that courts in this district allow movants to belatedly submit revised loss calculations that remove any **gains** that those movants realized as a result of selling shares at fraud inflated prices, goes at least one step too far. Indeed, no court to Mr. Zenoff's counsel's knowledge has endorsed such an approach.

Accordingly, if the Court declines to appoint Mr. Nolff, Mr. Zenoff is entitled to presumptive lead plaintiff status. Mr. Zenoff remains ready, willing, and able to serve as lead plaintiff.[3]

DATED: August 2, 2021                          Respectfully submitted,

                                               *s/ David A. Rosenfeld*
                                               DAVID A. ROSENFELD

---

[3]     Recognizing that his claim to have suffered a larger financial interest than Mr. Zenoff's is meritless, Mr. Velardo seeks to append himself to Mr. Zenoff's motion, requesting co-lead plaintiff status for himself and co-lead counsel status for his lawyers. That request should be denied because Mr. Velardo has not rebutted the presumption in Mr. Zenoff's favor. *See Hom v. Vale, S.A.*, 2016 WL 880201, at *6-*7 (S.D.N.Y. Mar. 7, 2016) (declining "last-ditch effort" by competing movant to secure co-lead plaintiff status because, *inter alia*, the movant "fails to articulate any benefit to the putative class members in having it serve as co-lead plaintiff"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 625 (S.D.N.Y. 2015) (declining request by competing movant to be appointed as co-lead plaintiff because doing so "is, at best, unnecessary").

- 4 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 5 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4820-4156-1332.v1

# Mailing Information for a Case 1:21-cv-04323-VM Tate v. Aterian, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeffrey Craig Block**
  jeff@blockesq.com,jason@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com

- **Geoffrey Rogers Chepiga**
  gchepiga@paulweiss.com,mao_fednational@paulweiss.com

- **Aaron Hayes Crowell**
  acrowell@cgr-law.com,paralegals@cgr-law.com

- **Devin Freedman**
  vel@rcfllp.com,ECF_Notifications@rcfllp.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Daniel Shiah Sinnreich**
  dsinnreich@paulweiss.com,mao_fednational@paulweiss.com

- **Brady M. Sullivan**
  bmsullivan@paulweiss.com

- **Nathaniel A. Tarnor**
  NathanT@hbsslaw.com,lisal@hbsslaw.com

- **Stephen J. Teti**
  steti@blockesq.com

- **Isaac Berkman Zaur**
  izaur@cgr-law.com,paralegals@cgr-law.com

- **Royce Liverant Zeisler**
  RZeisler@cgr-law.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)