USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/10/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
ANDREW TATE,                       :
                                   :
             Plaintiff,         :
                                   :      **21 Civ. 4323 (VM)**
   -against-                      :      **DECISION AND ORDER**
                                   :
ATERIAN, INC., et al.,             :
                                   :
             Defendants.        :
----------------------------------X
JEFF COON,                         :
                                   :
             Plaintiff,         :
                                   :      **21 Civ. 5163 (VM)**
   -against-                      :      **DECISION AND ORDER**
                                   :
ATERIAN, INC., et al.,             :
                                   :
             Defendants.        :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

    Before the Court are six pending motions from Antonio Velardo ("Velardo"), Joseph Nolff ("Nolff"), Tamara Rasoumoff ("Rasoumoff"), Andrew Zenoff ("Zenoff"), Hungen Lin ("Lin"), and Boris Kerzhner ("Kerzhner," and collectively with Velardo, Nolff, Rasoumoff, Zenoff, and Lin, "Movants") for consolidation pursuant to Federal Rule of Civil Procedure ("Rule") 42(a) and the Private Securities Litigation Reform Act ("PSLRA"), as well as appointment and approval of a lead plaintiff and lead counsel under the PSLRA. (See Dkt. Nos. 14, 17, 20, 24, 28, 31.) The Court received three responses from Velardo, Nolff, and Zenoff (Dkt. Nos. 40, 43, 44), as

1

well as two replies from Velardo and Zenoff (Dkt. Nos. 45, 46). After all motions were filed, Kerzhner and Lin filed notices of nonopposition to the competing motions for appointment, in recognition of the fact that Kerzhner and Lin did not suffer the greatest financial loss. (See Dkt. Nos. 38, 39.)

After considering these submissions, as well as the related material presented in the record, the Court hereby GRANTS the Movants' motions to consolidate the actions under Rule 42(a), appoints Joseph Nolff as lead plaintiff, and appoints The Rosen Law Firm as lead counsel.

## I. BACKGROUND

The claims in this class-action suit arise out of alleged violations of the federal securities laws by defendant Aterian Inc. ("Aterian") between December 1, 2020 and May 3, 2021 (the "Class Period"). (See "Complaint," Dkt. No. 1.) Aterian is a "technology-enabled consumer products platform that builds, acquires and partners with e-commerce brands." (Id. ¶ 15.) Aterian allegedly misrepresented the health and viability of its core businesses, which was exposed by a May 4, 2021 report released by Culper Research. That report caused the publicly traded Aterian stock to lose approximately 24% of its value in a single day.

The various complaints filed by plaintiffs individually

and on behalf of others similarly situated (the "Class") all allege that Aterian's actions during the Class Period violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

## II.   DISCUSSION

A.   CONSOLIDATION

Rule 42(a) states that consolidation is appropriate when two or more actions "involve a common question of law or fact." Similarly, the PSLRA contemplates consolidation when "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). Under these standards, the Court finds that the two actions currently before it involve the same or substantially similar underlying conduct, claims, and parties such that consolidation is appropriate.

B.   LEAD PLAINTIFF

Once the Court has determined that consolidation is appropriate, it must appoint the "most adequate plaintiff" to be lead plaintiff. See id. § 78u-4(a)(3)(B)(i). PSLRA instructs that the presumptively "most adequate plaintiff" is the Movant who (1) has filed a timely motion to be appointed; (2) has the "largest financial interest;" and (3) makes a preliminary showing that they satisfy the Rule 23

3

requirements for class representative. See id. § 78u-4(a)(3)(B)(iii)(I). As to the first requirement, each Movant has filed a timely motion to be appointed lead plaintiff.

Second, to determine which Movant has the largest financial interest, this Court typically considers the Lax/Olsten factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." See, e.g., In re KIT Dig., Inc. Sec. Litig., 293 F.R.D. 441, 445 (S.D.N.Y. 2013). Financial loss, the last factor, is the most important element of the test. See Reimer v. Ambac Fin. Grp., No. 08 Civ. 411, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008).

Of the Movants, Nolff has demonstrated by far the greatest financial loss ($470,510). This amount outpaces each of Velardo ($103,815), Rasoumoff ($57,819.51), Zenoff ($119,011.73), Lin ($14,687), and Kerzhner ($25,773). In fact, Zenoff and Velardo, the two Movants with the next greatest loss, both concede that Nolff has sustained a greater loss. (See Dkt. Nos. 44, 45) Therefore, the Court concludes that Nolff has the largest financial interest.

As to the third requirement, although numerosity and common questions of law and fact are relevant requirements

4

for a class representative under Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." Kaplan v. Gelfond, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (alteration in original); see also Kuriakose v. Fed. Home Loan Mortg. Co., No. 08 Civ. 7281, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008) ("In a motion to be appointed as lead plaintiff, a class member need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." (citation omitted)).

The Court is satisfied that Nolff has made a preliminary showing of typicality and adequacy of representation. Nolff brings the same securities claims as all other plaintiffs in the Class, and therefore his interests are closely aligned with the rest of the Class. Nolff, having suffered the greatest financial loss, is highly motivated to represent the Class adequately. Furthermore, Nolff's background and experience in investing suggest he is capable of leading a complex securities class action. Accordingly, because Nolff satisfies each of PLSRA's three requirements, the Court presumes that Nolff is the most adequate plaintiff.

The presumption of most adequate plaintiff "may be rebutted only upon proof by a member of the purported plaintiff class" that the most adequate plaintiff (1) "will

5

not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Of the Movants, only Velardo makes a case that Nolff is not suited to be lead plaintiff in this action. (See Dkt. No. 40.) Velardo's argument essentially is that Nolff has not provided the Court with enough information to make the necessary preliminary showing of typicality and adequacy of representation. (Id. at 3-5.) But Velardo offers no "proof" that Nolff cannot capably represent the class as required on rebuttal. See In re KIT Dig., Inc. Sec. Litig., 293 F.R.D. at 446 (noting the lack of "credible proof" in rejecting rebuttal arguments). Therefore, the Court finds that the presumption that Nolff is the "most adequate plaintiff" has not been rebutted and will appoint Nolff as lead plaintiff in this action.

C.   LEAD COUNSEL

Lastly, the PSLRA instructs that upon appointing a lead plaintiff, he or she "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." In re Adelphia Commc'ns Corp. Sec. & Derivative

6

Litig., No. 03 MDL 1529, 2008 WL 4128702, at *2 (S.D.N.Y. Sept. 3, 2008) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001)).

Nolff has selected The Rosen Law Firm as lead counsel, a representative of which has submitted a resume setting forth the firm's attorneys and relevant experience. (See Dkt. No. 19-4.) The Court is persuaded that, based on the experience it has in litigating class action law suits, The Rosen Law Firm can capably represent the class here. Accordingly, the Court approves Nolff's selection of The Rosen Law Firm as its choice of lead counsel. See, e.g., In re Tarragon Corp. Sec. Litig., No. 07 Civ. 7972, 2007 WL 4302732, at *2 (S.D.N.Y. Dec. 6, 2007) (approving counsel based on "affidavit setting forth [the] law firm's experiences as class counsel").

### III.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is respectfully requested to consolidate these actions for all pretrial purposes; and it is further

**ORDERED** that all filings in connection with the consolidated action be docketed against the lower-numbered case, 21 Civ. 4323; and it is further

**ORDERED** that the Clerk of Court close the referenced higher-numbered case, 21 Civ. 5163, as a separate action and

7

remove it from the Court's docket; and it is further

**ORDERED** that the motion of Joseph Nolff ("Nolff") for appointment as lead plaintiff for the proposed class in this action (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that the motion of Nolff for appointment of The Rosen Law Firm as lead counsel for the class is **GRANTED**; and it further

**ORDERED** that the motions of Antonio Velardo (Dkt. No. 14), Tamara Rasoumoff (Dkt No. 20), Andrew Zenoff (Dkt. No. 24), Hungen Lin (Dkt. No. 28), and Boris Kerzhner (Dkt. No. 31) for appointment as lead plaintiff and for lead counsel are **DENIED**.

**SO ORDERED:**

Dated:    New York, New York
          10 August 2021

_____
Victor Marrero
U.S.D.J.