**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH P. NOLFF, ANDREW TATE and BRUCE PALENSKE, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br><br> ATERIAN, INC., YANIV SARIG, FABRICE HAMAIDE, and ARTURO RODRIGUEZ, <br><br> Defendants. | **CASE No.: 1:21-cv-04323-VM** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTIONS FOR: (1) FINAL APPROVAL OF**
**CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS'**
<u>**FEES, REIMBURSEMENT OF EXPENSES, AND AWARD TO PLAINTIFFS**</u>

Lead Plaintiff Joseph Nolff and Named Plaintiff Bruce Palenske ("Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply memorandum of law in further support of their motions: (1) for final approval of the $1.3 million class action settlement; and (2) for an award of attorneys' fees of one-third (33⅓%) of the Settlement Amount ($433,333.33), reimbursement of expenses of $23,892.16, and an award to Plaintiffs of $13,000. Plaintiffs also submit the September 2, 2022, Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion and Objections ("Supp. Bravata Decl."), filed herewith as Exhibit 1, in support of their motion for final approval. Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation of Settlement dated April 22, 2022 ("Stipulation"). (*See* Dkt. No. 86.)

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Plaintiffs, or to opt out of the Settlement Class, was August 19, 2022. To date, no member of the Settlement Class has objected to the Settlement or the request for attorneys' fees, reimbursement of expenses, or awards to Plaintiffs. Supp. Bravata Decl. ¶ 7. Strategic Claims Services ("SCS"), the Claims Administrator, received one invalid request for exclusion[1], but no member of the Settlement Class has submitted a valid request for exclusion. Supp. Bravata Decl. ¶ 6.

The reaction of the Settlement Class—no objections and no valid requests for exclusion— supports approval of the Settlement and the requested attorneys' fees, expenses, and award to

---

[1] The exclusion request is invalid because the individual did not submit his request by the means required by the Court-approved Long Notice, did not provide the information required to determine whether he is a member of the Settlement Class, and has not responded to SCS's follow-up inquiry for the required information. (*See* Declaration of Josephine Bravata Concerning: (A) Mailing of The Postcard Notice; (B) Publication of The Summary Notice; and (C) Report on Requests For Exclusion and Objections ("Bravata Decl.," Dkt. 93-1), ¶ 13.)

Plaintiffs. The Court should enter the [Proposed] Final Judgment Approving Class Action Settlement (Dkt. No. 89-1).

## I.  Plaintiffs and the Claims Administrator Executed the Notice Program as the Court Ordered

Pursuant to the Preliminary Approval Order, SCS timely executed the Court-approved notice program, including, mailing or e-mailing 1,926 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list, mailing 20,788 Postcard Notices to potential Settlement Class Members or nominees, disseminating the Summary Notice electronically over *GlobeNewswire*, and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Bravata Decl.  ¶¶ 3-5; (Bravata Decl. ¶¶ 10,12.) One nominee notified the Claims Administrator that it transmitted Notice via email to 13,788 of its clients, notifying them of the Settlement and directing them to the Long Notice and Proof of Claim on the Claims Administrator's webpage. Supp. Bravata Decl. at ¶¶ 3. Additionally, the Claims Administrator received 4 requests from the potential Settlement Class Members to mail them the Long Notice and Proof of Claim. The Claims Administrator immediately mailed a Long Notice and Proof of Claim to these individuals/entities. Supp. Bravata Decl. ¶ 3 n.2. To date, SCS, itself, or through various nominees mailed the Postcard Notice or emailed a direct link to the Long Notice and Proof of Claim form on SCS's website to a total of 34,576 potential Settlement Class Members. *Id*.

As the Court ordered, the Postcard Notice (Dkt. No. 88-5), Long Notice (Dkt. No. 88-2), and Summary Notice (Dkt. No. 88-4) all informed potential Settlement Class Members of (i) their rights to participate in the Settlement, (ii) the procedure to file a Proof of Claim, (iii) the procedure to submit an objection to any aspect of the Settlement or to the requested awards of attorneys' fees, expenses or Plaintiffs' compensatory awards, and (iv) the procedure to request exclusion from the

Settlement Class. For those additional reasons, the Court should finally approve the notice program it ordered and Plaintiffs, through the Claims Administrator, executed as the best practicable in these circumstances.

## II.    The Lack of Objections Supports Final Approval

No Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested award to Plaintiffs. Supp. Bravata Decl. ¶ 7.

"The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate. '[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the Settlement." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *see also City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants); *In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM) (PED), 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate.").

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695(CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (The reaction of class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable") (citation omitted);

*In re Telik, Inc. Sec. Litig.,* 576 F. Supp.  2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.").

### III.    The Lack of Valid Requests for Exclusions Supports Final Approval

 The deadline to opt out of the Settlement Class was August 19, 2022. As stated above, there is one invalid request for exclusion. Supp. Bravata Decl. ¶ 6; (Bravata Decl. ¶13.)

The lack of opt-outs from Settlement Class Members strongly supports final approval. *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of approximately 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement."); *see also*, *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, No. 02 MDL 1484 (JFK), 2007 WL 313474, at \*10 (S.D.N.Y. Feb. 1, 2007) (finding that 34 requests for exclusion in response to the mailing of nearly 400,000 notices was a "minimal" number that "militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable.").

### IV.    The Class's Participation in the Settlement and Recovery Based on The Claims Submitted Support Approval of The Settlement

As of August 10, 2022—the claims filing deadline—potential Settlement Class members submitted 2,602 claims.[2] Supp. Bravata Decl. ¶ 8. A chart summarizing the status and total value of claims submitted is shown below:

---

[2] Claims typically continue to come in after the claims-filing deadline. SCS will process these claims, until doing so will delay distribution of the Net Settlement Fund. To ensure participation, Lead Counsel will ask the Court to accept all timely filed, valid claims, as well as those claims that are late, but otherwise valid.

| Type of Claims | Number of claims | Recognized Damaged Shares | Dollar Amount of Recognized Losses |
|---|---|---|---|
| Valid Claims | 1,135 | 2,744,117 | $7,056,735 |
| Deficient Claims with Limited Proof | 118 | 118,368 | $304,394 |
| Rejected Claims with No Regonized Losses/Gains or Outside Class Period | 1,349 | n/a | n/a |
| **Total** | **2,602** | **2,862,486** | **$7,361,129** |

There are 1,135 valid claims, representing Recognized Losses in the amount of $7,056,735. *Id*. SCS rejected 118 claims as deficient for claimants' failure to submit all the required documentations, such as brokerage statements. SCS will contact these claimants and ask them to submit documentation to remedy the deficiencies. Supp. Bravata Decl. ¶¶ 8, 8 n.4. Deficient claims represent possible Recognized Losses in the amount of $304,394. ¶ 8.[3] The 1,135 valid claims and 118 deficient claims, together, represent total potentially valid claims of 1,253 with combined Recognized Losses of $7,361,129. *Id*.

Below is a chart showing the percentage recovery to class members if the Court grants counsel's request for a one-third legal fee, expense reimbursement of $23,892.16 and Plaintiffs' awards of $13,000.

---

[3] SCS also received 1,349 claims with no Recognized Losses.  Suppl. Bravata Decl. ¶ 8.  Those claims will be rejected.

| | |
|---|---:|
| Settlement Fund | $1,300,000.00 |
| One-Third Legal Fee (Requested) | $433,333.33 |
| Expenses (Requested) | $23,892.16 |
| Plaintiffs' Compensatory Awards (Requested) | $13,000.00 |
| Net Recovery | $829,774.51 |
| | |
| Total Value of Valid and Deficient Claims | $7,361,129.00 |
| Class Percentage Recovery Before Fees and Expenses | 17.7% |
| Class Percentage Recovery After Payment of Fees and Expenses | 11.3% |

Before deducting the requested attorneys' fees, litigation expenses, and the compensatory awards to Plaintiffs, assuming all deficient claims cure, claimants will recover 17.7% of their Recognized Losses. After deducting the requested attorneys' fees, litigation expenses, and the compensatory awards to Plaintiffs, Class Members who submitted timely, valid and deficient claims, assuming all deficient claims cure, will recover approximately 11.3% of their Recognized Losses.

## V.      Conclusion

For the above reasons, therefore, Plaintiffs respectfully request that the Court approve the Settlement and award attorneys' fees, reimbursement of expenses, and compensatory awards to Plaintiffs as they request and enter the [Proposed] Final Judgment Approving Class Action Settlement (Dkt. No. 89-1).

Dated: September 2, 2022

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Jacob A. Goldberg*
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: jgoldberg@rosenlegal.com

Jing Chen
275 Madison Avenue, 40th floor
New York, NY 10016
Telephone: (212) 686-1060
Email: jchen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jacob A. Goldberg
Jacob A. Goldberg

8