**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH P. NOLFF, ANDREW TATE and BRUCE PALENSKE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>ATERIAN, INC., YANIV SARIG, FABRICE HAMAIDE, and ARTURO RODRIGUEZ,<br><br>        Defendants. | CASE No.: 1:21-cv-04323-VM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DISTRIBUTION OF**
**CLASS ACTION SETTLEMENT FUNDS**

**TABLE OF CONTENTS**

**PROCEDURAL BACKGROUND**................................................................................ 1

**I.     DETERMINATION OF AUTHORIZED CLAIMS** ........................................ 2

      **A.     Valid and Properly Documented Claims**................................................. 3

      **B.     Deficient and Ineligible Claims**............................................................... 3

            **1.     Inadequately Documented Claims**............................................... 3

            **2.     Claims Rejected for Reasons Other than Inadequate
                Documentation** .............................................................................. 4

      **C.     Claims Received After October 12, 2022, Should be Rejected as
           Untimely**........................................................................................... 4

**II.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND**............. 5

**III.   CONCLUSION** ............................................................................................. 6

i

<u>**TABLE OF AUTHORITIES**</u>

Page(s)

**Cases**

*Hartman v. Powell*,
 No. 00-5356, 2001 WL 410461 (D.C. Cir. Mar. 15, 2001) ........................................................ 4

*In re Citigroup Inc. Sec. Litig.*,
 No. 07-CV-9901 SHS, 2014 WL 7399039 (S.D.N.Y. Dec. 29, 2014) ........................................ 4

ii

Lead Plaintiff Joseph P. Nolff and named Plaintiffs Bruce Palenske (together, "Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this Memorandum of Law in support of their motion for distribution of the Net Settlement Fund in this action ("Action").[1] For the reasons set forth herein and in the accompanying Declaration of Josephine Bravata Recommending Resolution of Claims Process ("Bravata Declaration" or "Bravata Decl."), prepared on behalf of Strategic Claims Services ("SCS" or "Claims Administrator") and filed herewith[2], Plaintiffs respectfully request that the Court enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds ("Proposed Distribution Order").

In entering the Proposed Order, the Court will (i) approve SCS's administrative recommendations accepting and rejecting Claims submitted in this Action; and (ii) authorize distribution of the Net Settlement Fund to Authorized Claimants whose Claims have been accepted.

## PROCEDURAL BACKGROUND

On September 12, 2022, the Court entered the Judgment Approving Class Action Settlement ("Final Approval Order"), granting final approval to the $1,350,000 cash settlement between Plaintiffs, on behalf of the Class, and Defendants, under the terms set forth in the Stipulation, and dismissing the Action with prejudice. (Dkt. No. 99).

As described in the Bravata Declaration, SCS, under Lead Counsel's supervision, provided the requisite notice of the pendency and Settlement of the Action to potential Class Members, processed the Proof of Claim forms, calculated Recognized Loss amounts, and performed related

---

[1] All capitalized terms that are not otherwise defined herein have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated April 22, 2022 ("Stipulation"). (Dkt. No. 86).

[2] References to Ex. __ are to exhibits to Bravata Declaration filed herewith.

1

work consistent with the Stipulation and the Final Approval Order. *See generally* Bravata Decl. SCS has completed the processing of Claims, including Claims submitted after the August 10, 2022, Claims-submission deadline. As a result, Lead Counsel and the Claims Administrator are now prepared to distribute the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation.

## I.    DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Order Granting Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. No. 87), all Class Members wishing to obtain their *pro rata* share of the Net Settlement Fund were required to timely submit a completed Proof of Claim form with supporting documentation to SCS, postmarked or received on or before the submission deadline of August 10, 2022. *See, e.g.,* Preliminary Approval Order at ¶19.

To avoid undue repetition, Lead Counsel respectfully refers the Court to the Bravata Declaration filed herewith for a detailed description of the factual and procedural background of the claims review and administration process. Briefly, SCS mailed or emailed 1,926 letters to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list and mailed 20,788 Postcard Notices to potential Settlement Class Members or nominees. Bravata Decl. ¶3. In addition, nominees emailed their clients, providing a direct link to the Long Notice and the Proof of Claim Form on SCS's website. To date, 34,576 potential settlement class members have been mailed the Postcard Notice or provided a direct link to the Long Notice and Proof of Claim, online. *Id*. ¶¶4-5.

SCS received and processed 2,638 Claims. *Id*. ¶9. SCS reviewed all Claims and supporting documentation to determine, among other things, whether each claimant had purchased or acquired Aterian, Inc. securities during the Settlement Class Period and whether the claimant was in fact a Settlement Class Member or whether the claimant was an excluded person or a Settlement Class

Member who had requested exclusion. *Id*. SCS prepared exhibits detailing: (i) all timely, properly documented Claims, Bravata Decl. ¶10(a), Exs. B-1, B-2; (ii) all inadequately documented claims, *id*. ¶10(b), Ex. D; and (iii) all rejected Claims that were deemed ineligible through SCS's deficiency process. *Id*. ¶10(c), Ex. E.

### A.    Valid and Properly Documented Claims

SCS has identified 1,208 properly documented valid claims. These valid claims were calculated in the manner set forth in the Court-approved Proposed Plan of Allocation of the Net Settlement Fund ("Plan of Allocation") included in the Notice. Exhibit B-1 to the Bravata Declaration lists the 1,186 properly documented timely claims. Exhibit B-2 to the Bravata Declaration lists the 22 properly documented claims that were submitted after the August 10, 2022, deadline, and on or before October 12, 2022—the proposed cut-off date for submitting Claims as stated below. Plaintiffs respectfully request that the Court approve SCS's recommendation to allow the 22 late Claims and to approve distribution of the Net Settlement Amount to the 1,208 total properly documented claims.

### B.    Deficient and Ineligible Claims

#### 1.    Inadequately Documented Claims

SCS initially identified fifty-two inadequately documented claims. Bravata Decl. ¶10(b). For all inadequately documented claims, SCS sent deficiency notices advising claimants of the inadequacy and giving them the opportunity to cure the deficiency. *Id*. and Ex. C. Of the 52 claims initially identified as deficient, 19 have been successfully cured and are now considered valid. *Id*. The remaining 33 deficient claims either did not respond to the inadequacy notice or responded with insufficient documentation and were sent a rejection notice explaining the reason(s) for their

3

inadequacy. *Id*. None of the 33 rejected claimants have objected to or contested SCS's determination. *Id*. and Ex. D.

### 2. Claims Rejected for Reasons Other than Inadequate Documentation

SCS has identified 1,397 claims that it recommends for complete rejection. Bravata Decl. ¶10(c) and Ex. E. The reasons for rejection included: (a) claims with no Recognized Losses; (b) claims for Aterian, Inc. ("Aterian") securities that were not purchased during the Settlement Class Period (August 24, 2020 through and including May 3, 2021); (c) duplicate claims; (d) claims with shares sold short; (e) claims for Aterian securities that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (f) claims filed for securities other than Aterian securities; and (g) claims withdrawn from filing entity. *Id*. SCS sent those claimants rejection notices advising them of SCS's determination. *Id*. and Ex. F. To date, none of these ineligible claimants has contested their determination.

### C. Claims Received After October 12, 2022, Should be Rejected as Untimely

There must be a final cut-off date after which no more Claims may be accepted so that there may be a proportional distribution of the Net Settlement Fund without further delay and expense for the Class. Bravata Decl. ¶11; *see In re Citigroup Inc. Sec. Litig.*, No. 07-CV-9901 SHS, 2014 WL 7399039, at *4 (S.D.N.Y. Dec. 29, 2014) ("[A]t some point in the distribution of a large class action settlement, such as this one, 'a cutoff date is essential and … the matter must be terminated'"); *Hartman v. Powell*, No. 00-5356, 2001 WL 410461, at *1 (D.C. Cir. Mar. 15, 2001) ("Drawing a line is essential to achieve certainty and finality in such a large class action"). Accordingly, Plaintiffs respectfully request that the Court reject as untimely any claims received after October 12, 2022, and any responses to deficiency and/or rejection notices received after March 23, 2023. *See* Bravata Decl. ¶11.

## II.    PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant the Stipulation, "[u]nder  the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund … to Authorized Claimants." (Dkt. No. 86, ¶7.1). Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 1,208 Claims have been accepted as set forth in Exhibit B of the Bravata Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, "If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who receive at least a $10.00 payment; (ii) second, to pay any additional Administrative Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If any funds shall remain in the Net Settlement Fund six (6) months after such second distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor chosen by Lead Counsel." (Dkt. No. 86, ¶7.7).

5

### III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order Granting Motion for Distribution of Class Action Settlement Funds, submitted herewith.

Dated: March 29, 2023                                          Respectfully submitted,

                                                                              **THE ROSEN LAW FIRM, P.A.**

                                                                              By: */s/ Jacob A. Goldberg*
                                                                              Jacob A. Goldberg
                                                                              101 Greenwood Avenue, Suite 440
                                                                              Jenkintown, PA 19046
                                                                              Telephone: (215) 600-2817
                                                                              Email: jgoldberg@rosenlegal.com

                                                                              Jing Chen
                                                                              275 Madison Avenue, 40th floor
                                                                              New York, NY 10016
                                                                              Telephone: (212) 686-1060
                                                                              Email: jchen@rosenlegal.com

                                                                              *Lead Counsel for Plaintiffs and the Class*